[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 13, 1997, the plaintiff filed an amended complaint against the Clinton Yacht Haven Dockominium Association (CYHDA). CT Page 4624 On February 3, 1998, CYHDA filed a motion to strike count eight, and paragraphs 39 through 44 of count nine of the amended complaint. In count eight, Larson alleges that the CYHDA committed unfair collection practices in violation of § 36a-645
of the General Statutes. In paragraphs 39 through 44 of count nine, he incorporates count eight and alleges that the CYHDA committed unfair trade practices in violation of § 42-110, the Connecticut Unfair Trade Practices Act (CUTPA).[1]
On March 23, 1998, upon an agreement between CYHDA and Larson, the court granted the CYHDA's motion to strike count eight of the complaint. Thus, the only issue now before the court is CYHDA's motion to strike paragraphs 39 through 44 of the amended complaint.
"The purpose of the motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corporation,240 Conn. 576, 580 (1997). "This includes the facts necessarily implied and fairly provable under the allegations. . . ." (Internal quotation marks omitted.) Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495 (1992).
CYHDA argues that paragraphs 39 through 44 of count nine of the amended complaint should be stricken because § 36a-645
does not provide for a private cause of action. In response, Larson argues that CYHDA's motion to strike should be denied for two reasons: (1) the motion to strike is untimely;[2] (2) even if no private right of action exists under § 36a-645, the violation of the statute may constitute an unfair trade practice under CUTPA. In support of this argument, he cites to AmericanRental Centers v. Gogulski, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 373794 (December 5, 1994) (Berger, J.). In Gogulski, the court found that the defendant's violation of § 36a-243b constituted an unfair trade practice. This court agrees with that decision in that a violation of § 36a-243b can be used to form the basis of a claim actionable under CUTPA.
CYHDA's motion to strike is also under attack because "a motion to strike is not the proper procedural tool to use when CT Page 4625 seeking to strike 11 individual paragraphs of a count contained in a complaint. The motion is used'. . . to strike the whole or any portion of any pleading or count which purports to state an entire cause of action or defense . . . and it shall not remove such pleading or count . . . so far as the same is applicable to any other cause of action or defense."' Kinosh v. StephenChevrolet, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 506307 (February 10, 1993) (Dunn, J.); see also Henry v. Perkins, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313715 (February 14, 1996, Hauser, J.)
The motion to strike is, accordingly, denied.
MORAGHAN, J.